IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ABRAHAM VASQUEZ  §<br>  §<br>    Plaintiff,  §<br>  §<br>vs.  §<br>  §<br>JIM WELLS COUNTY, CITY OF  §<br>ALICE, and the ALICE POLICE  §<br>DEPARTMENT,  §<br>  §<br>    Defendants.  §  | C.A. NO. C-05-506 |

## ORDER

On this day the Court conducted a telephone conference to consider Defendants' Motions to Withdraw Deemed Admissions Pursuant to Federal Rule of Civil Procedure 36(b) (D.E. 24, 26). "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admissions in its presentation of the case." In re Carney, 258 F.3d 415, 419 (5th Cir. 2001); American Auto. Ass'n Inc. v. AAA Legal Clinic, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991). Where a case has not yet proceeded to trial, "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto, 930 F.2d at 1120 (citing Brook Village North Associates v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982) (stating that the party opposing

withdrawal must show that withdrawal "will prejudice him in maintaining his action or defense on the merits")).

In this case, the Court finds that allowing withdrawal of Defendants' admissions will serve the presentation of the case on the merits and will not prejudice Plaintiff.  There is no prejudice in this case because Defendants Jim Wells County and City of Alice were only three (3) and nine (9) days late, respectively, in responding to Plaintiff's Request for Admissions.  Furthermore, the discovery deadline in this case is July 31, 2006, so Plaintiff still has a month and a half to conduct discovery on the issues covered by the admissions.  The only prejudice cited by Plaintiff is that he will now need to obtain evidence to support his claims. (See Pl.'s Resp. at 2.)  This argument is unpersuasive, however, because "[t]he necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient" to show prejudice.  FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994). Therefore, the Court GRANTS Defendants' Motions to withdraw their deemed admissions  (D.E. 24, 26).

SIGNED and ENTERED this 16th day of June, 2006.

_____
Janis Graham Jack
United States District Judge